0IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

STEVEN LEE ADKINS, JR.,

    Plaintiff,

v.                                 Case No. 2:19-cv-00209

WARDEN DAVID BALLARD,
CO DEMPSEY, and CO PHILIPS,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are Warden David Ballard's Motion to Set Aside Entry of Default (ECF No. 23), a Motion to Dismiss filed by Warden David Ballard ("Ballard") (ECF No. 26), and a Motion to Dismiss by CO Philips ("Philips") (ECF No. 30).

    I.      RELEVANT PROCEDURAL HISTORY

Plaintiff's complaint (ECF No. 2) alleges that Defendants Dempsey and Philips used excessive force against Plaintiff and intentionally inflicted emotional distress upon him at the Mount Olive Correctional Complex ("MOCC"). Plaintiff further alleges a supervisory liability claim against Defendant Ballard.

On May 2, 2019, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and Costs and ordered that service of process be made on Defendants by the United States Marshals Service ("USMS"). (ECF No. 7). On May 30, 2019, the USMS returned all three summonses as executed with notations stating that they were served on May 15, 2019, on David Farmer, Assistant Commissioner, at the West Virginia Division of Corrections and Rehabilitation's Central Office in Charleston,

West Virginia. (ECF No. 9). However, Mr. Farmer is not an authorized agent for service of process for any of the Defendants herein, and service of such process was not properly perfected. Thus, on November 22, 2019, the undersigned entered an order quashing those summonses and directing that the summonses be re-issued and served on each Defendant at MOCC. (ECF No. 10). Thereafter, the summonses for Defendants Dempsey and Philips were again not properly served by the USMS. (ECF Nos. 12). However, Ballard's was allegedly personally served on him, but he did not file a timely response to the complaint. (ECF No. 14).

Other than the payment of two installments of the filing fee, Plaintiff had not communicated with the court in any way since the filing of his complaint and no further activity had occurred. The undersigned subsequently determined that Plaintiff had been released on parole and had not advised the court of his updated contact information. Thus, on March 22, 2022, the undersigned entered an Order to Show Cause directing Plaintiff to advise the court, by April 11, 2022, of his intent to pursue this matter. (ECF No. 11). The undersigned's Order further stayed this matter pending that determination. (*Id.*)

On April 13, 2022, the Clerk docketed Plaintiff's Response to the Order to Show Cause which indicated his intent to pursue this matter. (ECF No. 18). Accordingly, on May 18, 2022, the undersigned entered an Order and Notice lifting the stay and directing another re-issuance of the summonses for Defendants Dempsey and Philips for service of process by the USMS and further ordered that default be entered against Defendant Ballard because he had not timely responded to the complaint. (ECF No. 20). On May 18, 2022, the Clerk entered default against Ballard pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (ECF No. 21).

On June 1, 2022, Ballard, by counsel, moved to set aside the entry of default. (ECF No. 23). Ballard thereafter filed the pending Motion to Dismiss (ECF No. 26) and Memorandum of Law in support thereof (ECF No. 27). On June 16, 2022, Defendant Philips was successfully served with process, and he filed his own Motion to Dismiss (ECF No. 30) and Memorandum of Law in support thereof (ECF No. 31) on July 5, 2022. Defendant Dempsey has not been successfully served with process. (ECF No. 29).

Rule 55(c) of the Federal Rules of Civil Procedure permits the setting aside of an entry of default for good cause. Fed. R. Civ. P. 55(c). Pursuant to *Rasmussen v. American Nat'l Red Cross*, 155 F.R.D. 549 (S. D. W. Va. 1994), where default has been entered, but judgment has not, a motion to set aside default is governed by a liberal good cause standard, rather than by the more restrictive standard for relief from judgment.

This matter has been stalled by errors by both the parties and the officers of the court. Ballard left employment at MOCC in January of 2020 and was served with process thereafter while employed at the West Virginia Division of Highways. (ECF No. 23 at 7). Ballard's motion to set aside default asserts that, in his experience as Warden at MOCC, responsive pleadings to inmate complaints were frequently filed on his behalf by counsel retained by MOCC's insurance carrier without his specific knowledge and that he reasonably believed a response to Plaintiff's complaint would be filed in the same manner on his behalf. (*Id.* at 7-8).

However, upon being advised by the court that default had been entered against him, Ballard took immediate steps to employ counsel to represent his interests, and the instant Motion to Set Aside Entry of Default (ECF No. 23) was filed. Ballard's motion

3

emphasizes that he promptly filed a motion to dismiss setting forth a potentially meritorious defense and there is no evidence in the record which establishes that Plaintiff will be prejudiced if the entry of default is set aside and this matter is permitted to proceed on the pending motions to dismiss. (*Id.* at 4-10). Plaintiff has not opposed Ballard's motion to set aside default.

The undersigned **FINDS** that Ballard can satisfy the good cause standard and that Plaintiff will not be prejudiced by setting aside the default herein and proceeding on the pending dispositive motions. Accordingly, for good cause shown, it is hereby **ORDERED** that Ballard's unopposed Motion to Set Aside Default (ECF No. 23) is **GRANTED**, and the entry of default against Ballard is hereby set aside.

Plaintiff has also not responded to Ballard and Philips' motions to dismiss, but he is hereby **NOTIFIED** that he has a right to do so. It is hereby **ORDERED** that Plaintiff's responses to Ballard's Motion to Dismiss (ECF No. 26) and Philips' Motion to Dismiss (ECF No. 30) shall be filed by **November 3, 2022**. Defendants may file replies by **November 17, 2022.**

The Clerk is directed to mail a copy of this Memorandum Opinion and Order to Plaintiff and to transmit a copy to counsel of record.

ENTER: October 6, 2022

Dwane L. Tinsley
United States Magistrate Judge