IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

STEVEN LEE ADKINS JR.,

        Plaintiff,

v.                                    CIVIL ACTION NO.   2:19-cv-00209

WARDEN DAVID BALLARD, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are a Motion to Dismiss filed by Warden David Ballard ("Ballard"), (ECF No. 26), a Motion to Dismiss by CO Philips ("Philips"), (ECF No. 30), and a Motion to Dismiss under Rule 41(b) filed by both Ballard and Phillips, (ECF No. 36). By Standing Order entered in this case on March 22, 2019, (ECF No. 5), this action was referred to the United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). Magistrate Judge Tinsley filed his PF&R on January 9, 2023, recommending that this Court grant Defendants' Rule 41(b) Motion to Dismiss, (ECF No. 36), and dismiss this matter from the docket for failure to prosecute because Plaintiff has failed to notify the Court and the parties of the changes in his contact information and failed to promptly respond to the pending motions. (ECF No. 40.) Magistrate Judge Tinsley further recommended denying as moot Defendants' other pending Motions to Dismiss, (ECF Nos. 26, 30). (ECF No. 40.)

1

This Court is not required to review, *de novo* or under any other standard, factual or legal conclusions contained within the PF&R to which no objections were addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and Plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due on January 26, 2023. (ECF No. 40.) To date, Plaintiff has failed to submit any objections in response to the PF&R, thus constituting a waiver of *de novo* review and Plaintiff's right to appeal this Court's order. Although the PF&R was returned as undeliverable, (ECF No. 41), per Rule 83.5 of the Local Rules of Civil Procedure, Plaintiff—as a *pro se* party—"must advise the clerk promptly of any changes in name, address, and telephone number." Thus, Plaintiff's failure to maintain his current address with the clerk neither impacts the Court's review and analysis of the PF&R nor provides Plaintiff with an avenue to object to the PF&R after the January 26, 2023 deadline.

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 40), and **DISMISSES** the action **WITHOUT PREJUDICE** for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Court further **DIRECTS** the Clerk to remove this matter from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 31, 2023

_____
THOMAS E. JOHNSTON, CHIEF JUDGE